The Honorable Brian D. Lynch
Hearing Date: November 7, 2018
Hearing Time: 9:00 A.M.
Chapter 7
Location: Tacoma

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>IAN H. SCHUMACHER and<br>KERI J. SCHUMACHER,<br><br>Debtors. | No. 17-43172<br><br>T. GARRETT CONSTRUCTION INCORPORATED'S OBJECTION TO DEBTORS' MOTION TO ABANDON DEBTORS' REAL PROPERTY |

COMES NOW judgment creditor T. Garrett Construction Incorporated, by and through its attorney, and objects to the Schumachers' motion for the trustee to abandon the Schumachers' house.

11 U.S.C. § 554(b) provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." In other words, to obtain the abandonment of property from a bankruptcy estate, the moving party must show either that (1) the property is burdensome to the estate, or (2) the property is of inconsequential value and benefit to the estate. *Johnston v. Webster* (*In re Johnston*), 49 F.3d 538, 540 (9th Cir. 1995); *Vu v. Kendall* (*In re Vu*), 245 B.R. 644, 647 (9th Cir. BAP 2000). The burden of proof is on the moving party. *Northview Motors, Inc. v. Chrysler Motors*

T. GARRETT CONSTRUCTION INCORPORATED'S OBJECTION TO
DEBTORS' MOTION TO ABANDON DEBTORS' REAL PROPERTY - 1

LINVILLE LAW FIRM PLLC
800 FIFTH AVENUE • SUITE 3850
SEATTLE, WASHINGTON 98104
(206) 515-0640 • FAX (206) 515-0646

Case 17-43172-BDL    Doc 67    Filed 10/29/18    Ent. 10/29/18 13:26:53    Pg. 1 of 3

*Corp.,* 186 F.3d 346, 350 (3d Cir. 1999). A bankruptcy court's order compelling the abandonment of property from the estate:

> is the exception, not the rule. Abandonment should only be compelled in order to help the creditors by assuring some benefit in the administration of each asset . . . . **Absent an attempt by the trustee to churn property worthless to the estate just to increase fees, abandonment should rarely be ordered.**

*In re Vu*, 245 B.R. at 647 (quoting *Morgan v. K.C. Mach. & Tool Co.* (*In re K.C. Mach. & Tool Co.*), 816 F.2d 238, 246 (6th Cir. 1987) (Emphasis added).

The fair market value of the Schumachers' home is disputed. In October 2017, Gerald Cameron of Spectrum Real Estate Services appraised the home at $595,000. [Decl. Linville]. Mr. Cameron's appraisal took into account numerous alleged construction defects that the Schumachers informed Mr. Cameron of while he viewed their house for the appraisal. [Decl. Linville, pg. 9 of Spectrum's Appraisal].

The Pierce County Assessor values the Schumachers' house at $602,700 for 2019. [Decl. Linville]. Concededly, is unlikely that the Pierce County Assessor considered the Schumachers' alleged construction defects.

The Schumachers do not meet their burden of proof of showing that the house is burdensome to the estate or that is of inconsequential value and benefit to the estate. Although the Schumachers provide a list of alleged construction defects, they provide no evidence of the cost to repair the defects that they are complaining of. They provide no bids or proposals from contractors to repair the defects (assuming the defects even exist).

Even giving the Schumachers the benefit of the doubt that the defects exist and that the defects lower the fair market value of the home, the most the Schumachers can show is that the house, at is current listing price of $589,950, and which has been on the market for 7 ½ months, has a fair market value at some point lower than $589,950.

T. GARRETT CONSTRUCTION INCORPORATED'S OBJECTION TO DEBTORS' MOTION TO ABANDON DEBTORS' REAL PROPERTY - 2

LINVILLE LAW FIRM PLLC
800 FIFTH AVENUE • SUITE 3850
SEATTLE, WASHINGTON 98104
(206) 515-0640 • FAX (206) 515-0646

Case 17-43172-BDL    Doc 67    Filed 10/29/18    Ent. 10/29/18 13:26:53    Pg. 2 of 3

T. Garrett Construction Incorporated concedes that the house's fair market value is less than $589,950, judging by the fact that the house has been on the market for 7 ½ months. T. Garrett Construction Incorporated would like to see the trustee's real estate agent lower the asking price of the house.

For the foregoing reasons, the Court should deny the Schumachers' motion.

DATED this 29th day of October 2018

LINVILLE LAW FIRM PLLC

/s/ *David E. Linville*
David E. Linville, WSBA #31017
Attorneys for T. Garrett Construction Incorporated

T. GARRETT CONSTRUCTION INCORPORATED'S OBJECTION TO
DEBTORS' MOTION TO ABANDON DEBTORS' REAL PROPERTY - 3

LINVILLE LAW FIRM PLLC
800 FIFTH AVENUE • SUITE 3850
SEATTLE, WASHINGTON 98104
(206) 515-0640 • FAX (206) 515-0646

Case 17-43172-BDL    Doc 67    Filed 10/29/18    Ent. 10/29/18 13:26:53    Pg. 3 of 3